COWART, Judge.
This case involves an injunction against draining and pumping water into a lake when such actions injure a riparian owner.
Appellee owns lands including the north two-thirds of Evans (Baton) Lake. Appellant, a land development company, owns lands including the south one-third of Evans Lake. In developing and maintaining its lands, appellant caused water to be drained into Evans Lake that did not do so naturally and, at times, has pumped and drained water from the area of Clear Lake into Evans Lake and has pumped water from Evans Lake to other locations in order to protect developed lands. Alleging that such drainage and pumping had at times flooded Evans Lake and killed trees on, and caused other damage to, appellee’s lands, appellee sought money damages from, and injunctive relief against, appellant. The trial court found in favor of appellee and awarded money damages but denied injunctive relief. Appellant appeals the award of money damages and appellee cross-appeals the denial of injunctive relief.
The evidence supports the award of money damages. However, we also find the facts compel the conclusion that, if not enjoined, it is sufficiently probable that appellant’s continued drainage and pumping of water into Evans Lake will result in a multiplicity of suits and further injury to appellee of a nature that cannot be adequately compensated by money damages and that a permanent injunction should be issued. Appellant is entitled to make reasonable use of its ownership interest in Evans Lake; therefore, an injunction against all drainage and pumping would be *464 unreasonable. However, any use of Evans Lake by appellant that causes damages or injury to appellee in her ownership interest in Evans Lake is unreasonable and should be enjoined.
We affirm the award of money damages for past injury but remand with directions that appellant be permanently enjoined from draining or pumping water into, or out of, Evans Lake or from otherwise interfering with the natural quantity and quality of water in Evans Lake to any extent or degree that causes damage to appellee’s lands or otherwise injures appellee. If appellant must choose between draining or pumping water into Evans Lake to protect or benefit other lands, or not draining or pumping water into Evans Lake to prevent damage or injury to appellee, it must make any such decision at its own peril. The risk of the consequences of appellant’s actions should be on appellant. If appellant does not desire to assume that risk it can be avoided merely by refraining from interfering with the natural level and condition of Evans Lake.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
COBB and SHARP, JJ., concur.